IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CALVIN PETTYE, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, <br><br> Defendant. | * <br> * <br> * <br> * <br> *   No. 3:16-cv-00112-JJV <br> * <br> * <br> * <br> * <br> * |

**MEMORANDUM AND ORDER**

Plaintiff, Calvin Pettye, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful consideration of the record as a whole, I find that the decision of the Commissioner must be reversed and remanded for calculation of benefits.

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. Plaintiff was 48 years of age at the time of the

most recent administrative hearing. (Tr. 402.) Plaintiff testified he attended college for three years. (*Id*.)

This case was before the Administrative Law Judge (ALJ) on remand by the Appeals Council. The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. § 404.1520. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 383.)

Second, the ALJ found that, based solely on the medical evidence, Plaintiff had "severe" impairments within the meaning of the Social Security Regulations. *Id.* The third step involved a determination, again based solely on the medical evidence, of whether Plaintiff's severe impairments met or equaled a listed impairment which is presumed to be disabling. The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. *Id.*

At the fourth step, the ALJ was required to determine whether Plaintiff had sufficient residual functional capacity, despite his impairments, to perform his past work. The ALJ first determined that Plaintiff retained the residual functional capacity to perform a reduced range of sedentary work. (Tr. 384.) Based on this finding, the ALJ concluded Plaintiff could no longer perform his past relevant work. (Tr. 389.) The ALJ utilized a vocational expert to determine the availability of other jobs Plaintiff could perform within his restrictions. (Tr. 425-432.) Based upon the testimony by the vocational expert, the ALJ concluded that Plaintiff could perform the job of information clerk. (Tr. 390.) Consequently, the ALJ determined that Plaintiff was not disabled. (*Id.*)

In support of his Complaint, Plaintiff argues that the Commissioner's finding at step five - that he is not disabled because he can perform other work in the economy - is not supported by substantial evidence. (Pl.'s Br. 12-19). I agree.

The medical records from Plaintiff's treating and evaluating physicians consistently show he greatly suffers from a debilitating impairment. The most recent medical evidence is most enlightening on this issue. On May 15, 2015, Terry Hunt, M.D., completed a Medical Source Statement - Physical and reported that Plaintiff is incapable of performing even sedentary work. (Tr. 604-605.) The ALJ discredited Dr. Hunt's opinion for inconsistencies about Plaintiff's medication

causing gastrointestinal problems.  (Tr. 388.)  But I find this an insufficient basis to discredit Plaintiff's treating physician.  Especially when Samuel Meredith, M.D., performed a very comprehensive consultative examination and his findings are consistent with Dr. Hunt's. (Tr. 614-617.) Dr. Meredith also based his findings on the objective CT scan - albeit from 2009. (Tr. 616.) While the ALJ agreed Dr. Meredith's evaluation was "thorough" and "consistent with the evidence of record," without explanation he only gave his opinions "some weight." (Tr. 388.)

There is other objective evidence to support Plaintiff's allegations.  A MRI from December 2011, showed irregularity and some disc herniation at L2-3 and protrusion at L5-S1. (Tr. 539) While not dispositive by itself, this diagnostic test was performed several years before the Commissioner's decision and evidence of record supports Plaintiff's argument that his condition has been worsening.

Accordingly, I find the decision of the Commissioner is not supported by substantial evidence.  Furthermore, I am convinced that the record has been adequately developed having been already remanded by the Appeals Council.  Thus, remanding this case for additional evidence would be pointless.  Instead, I find ample evidence on the record to support an outright reversal of the Commissioner.  Reversal rather than remand is appropriate when remand would serve no practical purpose.  The ruling of the Commissioner must be reversed and the matter remanded for purposes of calculating benefits.

THEREFORE, the Commissioner's decision on Plaintiff's claim for benefits is reversed and remanded for calculation of benefits.  This is a "sentence four remand" within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 15th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE